
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2017

## STATE OF TENNESSEE v. TORIAN DILLARD

**Appeal from the Criminal Court for Shelby County**
**No. 03-01405          James C. Beasley, Jr., Judge**

_____

### No. W2016-01551-CCA-R3-CD
_____

The defendant, Torian Dillard, appeals from the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The defendant contends his sentences are illegal because the State failed to provide proper notice of its intent to seek enhanced punishment pursuant to Tennessee Code Annotated § 40-35-202(a). The defendant also argues the trial court improperly relied on two prior theft convictions in classifying him as a career offender. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Torian Dillard, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On February 10, 2003, the defendant shot his ex-girlfriend in the head, but failed to kill her, while she and her one-year-old daughter waited to pick up her other children from school. After a jury trial, the defendant was convicted of attempted first degree murder, a Class A felony, and reckless endangerment with a deadly weapon and being a convicted felon in possession of a handgun, Class E felonies.

Prior to trial, on October 21, 2003, the State filed a notice of intent to seek enhanced punishment. The notice listed six prior felonies upon which the State intended to rely, including: failure to appear and escape, Class E felonies, theft over $500 and robbery, Class D felonies, and attempted rape and aggravated assault, Class C felonies. The trial court held a sentencing hearing on November 12, 2004. At the sentencing hearing, the State orally amended its notice to reflect the defendant's prior robbery conviction was actually a prior conviction for theft over $1,000. The State noted that defense counsel stipulated to the defendant's prior convictions as listed in the pre-sentence report, and reminded the trial court that the convictions "were also admitted to by [the defendant] on the stand." *See State v. Torian Dillard*, No. W2005-00152-CCA-R3-CD, 2006 WL 1044087, at *6 (Tenn. Crim. App. Apr. 19, 2006), *perm. app. denied* (Tenn. Sept. 5, 2006).

Under this posture, the State read the defendant's prior convictions into the record, as follows:

> The defendant's been convicted of failure to appear, a Class E felony under Indictment No. 98-13998. He's been convicted of criminal-attempt rape, a Class C felony under Indictment No. 98-01386. He's been convicted of aggravated assault, a Class C felony and that indictment number is reflected in the pre-sentence report.
>
> . . .
>
> He's been convicted of aggravated assault under Indictment No. 98-00751, and that's a Class C felony. He's been convicted of escape which is a Class E felony under Indictment No. 93-08306. He's been convicted of theft over $1,000 which is a Class D felony under Indictment No. 93-01342, and he's also been indicted for it's listed in my enhancement as robbery. It's listed in the pre-sentence report as aggravated robbery. In fact, it is theft over $1,000 as a Class D felony under Indictment No. 93-05095, and we know that for certain because we have that jacket up before the Court today.
>
> . . .
>
> I believe there [are] some that reflect as robbery, Judge, and that was that last one which is actually a theft over a 1,000. So in summary [the defendant's] been convicted of two Class C felonies, two Class D felonies and two Class E felonies.

Relying on the six prior convictions demonstrated by the State, the trial court imposed an effective fifty-two year sentence. On direct appeal, this Court summarized the sentence imposed by the trial court as follows:

> At the November 12, 2004, sentencing hearing, the defendant's presentence report, which reflected his extensive prior criminal record, was admitted by stipulation of the parties. The sole witness at the hearing was the defendant, who accused the prosecutor of having knowingly used perjured testimony at his trial and testified that he had only wanted to scare the victim. At the conclusion of the hearing, the trial court sentenced the defendant to forty years as a multiple offender for the attempted first degree murder conviction, six years as a career offender for the reckless endangerment conviction, and six years as a career offender for the convicted felon in possession of a handgun conviction. Finding the defendant to be both an offender whose record of criminal activity is extensive and a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime when the risk to human life is high, the trial court ordered that the sentences be served consecutively, for an effective sentence of fifty-two years.

*Id.*, at *7.

On June 27, 2016, the defendant filed a *pro se* motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In the motion, the defendant alleged the State failed to provide adequate notice of its intent to seek enhanced punishment for his convictions, thus rendering his sentences for the convicted offenses in this case illegal. In support of his claims, the defendant challenged the timeliness of the State's notice of enhancement alleging the oral amendment to the notice made at the sentencing hearing rendered it untimely pursuant to Tennessee Code Annotated section 40-35-202(a). The trial court summarily dismissed the motion finding the defendant failed to state a colorable claim, and this appeal followed.

## ANALYSIS

On appeal, the defendant contends that the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence. The defendant argues his sentences are illegal because the State violated Tennessee Code Annotated § 40-35-202(a) by not filing its amended notice to seek enhanced punishment ten days prior to trial, and instead orally amending its notice at the sentencing hearing. Additionally, the defendant argues the trial court misclassified him as a career offender as applied to his Class E felony convictions by failing to merge his two prior convictions for theft over $1,000. In contrast, the State

contends the defendant has not demonstrated a colorable claim for Rule 36.1 relief as he has failed to allege fatal errors in sentencing. Upon our review, we agree with the State.

Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law calling for de novo review. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Rule 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Rather, sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id.* Clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *Id*. at 595 (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011)). Appealable errors are "'those errors for which the Sentencing Act specifically provides a right of direct appeal'" and are generally attacks on the methodology used by the trial court when imposing a sentence. *Id.* Fatal errors are those errors "so profound as to render the sentence illegal and void" and include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id.*

Here, even when taking the defendant's claims as true, they fail in the context of Rule 36.1 as both of his appellate challenges go to the methodology used by the trial court in imposing his sentences. *See State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). Accordingly, the defendant's arguments, that he did not have proper notice of his prior convictions based upon the State's oral amendment to its notice of enhancement and that the trial court improperly classified him as a career offender, should have been raised on direct appeal. *See Cantrell*, 346 S.W.3d at 449-53 (noting that sentencing issues based upon a trial court's findings of fact are appropriate on direct appeal).

More specifically, regarding the defendant's allegation that the State's oral amendment to the notice of enhancement rendered it untimely, the record plainly shows otherwise. The trial court succinctly summarized the procedural facts upon which it relied in sentencing the defendant in its dismissal order:

On November 12, 2004, the [defendant] having previously been convicted by a jury was sentenced by the trial court. The State had previously filed a Notice to Seek Enhanced Punishment on October 21, 2003. The [defendant] testified at trial as to his prior convictions, the pre-sentence report set forth his prior convictions and his attorney stipulated at the hearing to his prior convictions. There was an oral amendment made after reviewing the Clerk's file and one of the charges relied upon was actually reduced from a "C" felony prior conviction to a "D" felony prior conviction. The [defendant] had 2 prior Class C convictions, 2 prior Class D convictions and 2 prior Class E convictions. As a result he was found to be a Range 2 offender for his Class A conviction [attempted first degree murder] and was sentenced to 40 years as a Range 2 offender. For his 2 Class E convictions [reckless endangerment with a deadly weapon and convicted felon in possession of a handgun] he was found to be a Career offender and was sentenced to 6 years as a Career offender. All of the sentences imposed were within the proper range. His only allegation in this [Rule 36.1] [m]otion is that the State failed to file a mandatory "Notice to Seek Enhanced Punishment.["] This Court has reviewed the record and as stated above the record contains the appropriate notice filed in October 2003. The [defendant] even alludes to the Notice to Seek Enhanced Punishment filed with the Court in his pleadings. Although he does not clarify in his motion it is possible that the [defendant] is confused in that the "Notice" was originally filed with his first counsel and not with his subsequent actual trial counsel. However, the "Notice" was filed with the Court and the subsequent trial counsel is held to have been notified of the contents of the official record. Further, trial counsel acknowledged the "Notice" at the time of trial and stipulated to the [defendant's] record during the trial and the [defendant] testified to his record while on the stand during the trial. No objection was ever raised as to his record or the lack of any notice before, during or after the trial. Trial counsel and the [defendant] were well aware and had been legally put on notice of [defendant's] prior record and the "Notice to Seek Enhanced Punishment.["]

As detailed by the trial court, the record clearly establishes the defendant was aware of the prior convictions on which the State intended to rely before sentencing.

However, even when taking the defendant's claims as true, they fail in the context of Rule 36.1. The State's oral amendment of its notice of enhancement to reflect that the prior robbery conviction listed in its notice should actually have been listed as a prior conviction for theft of over $1,000, does not render the defendant's sentences illegal. The State filed its notice of enhancement in advance of trial, orally amended the notice at the sentencing hearing, and reminded the trial court that the defendant admitted to the relied-upon prior convictions at trial. Further, the defendant stipulated to the prior convictions at the sentencing hearing. The defendant cannot show he did not have proper notice of the prior convictions used to enhance his sentences. Additionally, the defendant should have addressed the alleged untimeliness of the State's notice on direct appeal. The defendant has failed to show his sentences are illegal, and he is not entitled to relief. *See Dunlap v. Tony Parker, Warden*, No. W2004-01042-CCA-R3-HC, 2004 WL 1944141, at *1 (Tenn. Crim. App. Sept. 1, 2004), *perm. app. denied* (Tenn. Dec. 20, 2004) (noting in the context of habeas corpus relief, "[a] defect in the notice of intent to seek sentence enhancement does not render an enhanced sentence illegal").

The defendant also claims the six-year sentences for his Class E felonies of reckless endangerment with a deadly weapon and being a convicted felon in possession of a handgun are illegal. The defendant argues the trial court misclassified him as a career offender when it relied on the six prior convictions noted by the State at the sentencing hearing. Specifically, the defendant argues the trial court should have merged his two prior theft convictions into one pursuant to the so-called "24-hour rule." Tenn. Code Ann. § 40-35-108(b)(4). However, other than asserting the underlying offenses for the theft convictions occurred on the same date, the defendant has not provided any evidence in support of this argument. Our review of the record indicates the trial court properly classified the defendant as a career offender for his Class E felony convictions based upon the six prior convictions presented by the State in its notice of enhancement and oral amendment of the same. Tenn. Code Ann. § 40-35-108(a)(3). Moreover, the defendant's claim is inappropriate for Rule 36.1 relief as it relates to the trial court's sentencing methodology, rather than the legality of his sentences. *See State v. Robert B. Ledford*, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2 (Tenn. Crim. App. Feb. 23, 2015), *perm. app. denied* (Tenn. Feb. 23, 2015) ("The only time an error in the classification of an offender would ever rise to the level of an illegal sentence would be if a trial court, somehow, classified a defendant in a category not available under the Sentencing Act."). As such, this claim should have been addressed on direct appeal and the defendant is not entitled to Rule 36.1 relief. *See Jonathan T. Deal*, at *2.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____

J. ROSS DYER, JUDGE